IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TONTALANA DAVIS, ) | CIVIL ACTION 4:11-cv-3092-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

    This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

**PROCEDURAL HISTORY**

    Tontalana Davis ("Plaintiff" or "claimant") originally received SSI as a disabled child when the agency found that she was disabled as of November 1997 based on the SSI regulations for children. After Plaintiff turned 18 years of age, the agency reassessed[1] whether she was entitled to SSI benefits. As a result, the agency found she did not meet the definition of disability for adults and

---
[1] 20 C.F.R. § 416.987

her benefits were terminated. Plaintiff had a hearing upon her request before an ALJ in June 2006, after which the ALJ issued an unfavorable decision. In February 2008, the Appeals Council granted Plaintiff's request for review of the ALJ's decision, vacated the decision, and remanded the case for further proceedings. (Tr. 89-90).

A second hearing was held on August 12, 2008, before an ALJ. The ALJ issued a decision dated September 24, 2008, concluding Plaintiff was not disabled. (Tr. 20-28). The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on November 11, 2011.

## FACTUAL BACKGROUND

The Plaintiff was born on October 1, 1985, and was 22 years old at the time of the second hearing before the ALJ. (Tr. 517). Plaintiff has an eighth grade education with no past relevant work.

## DISABILITY BACKGROUND

The Plaintiff's arguments consist of the following, quoted verbatim:

(1) The ALJ failed to properly give proper weight to the opinions of Plaintiff's treating physicians regarding the nature and severity of her impairments.

(2) The ALJ erred in relying on the testimony of the vocational expert, as the hypothetical question he posed to the VE did not include all of Plaintiff's limitations as established by the record.

(3). The ALJ erred in finding that Plaintiff was not disabled, as the defendant failed to carry its burden of proof at step five of

>   the sequential evaluation process that there are a significant number of jobs in the national economy that she can perform.

(Plaintiff's brief).

In the decision of September 24, 2008, the ALJ found the following:

1. The claimant attained age 18 on September 30, 2003 and was eligible for supplemental security income benefits as a child for the month preceding the month in which she attained age 18. The claimant was notified that she was found no longer disabled as of December 31, 2003, based on a redetermination of disability under the rules for adults who file new applications.

2. Since December 31, 2003, the claimant has had the following severe combination of impairments: depression and oppositional defiant disorder (20 CFR 416.920(c)).

3. Since December 31, 2003, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that since December 31, 2003, the claimant has had the residual functional capacity to perform a full range of work at all exertional levels. However, she would be restricted to unskilled work secondary to concentration deficits and would only be able to work in a setting where there is limited public contact and limited contact with co-workers.

5. The claimant has no past relevant work. (20 CFR 416.965).

6. The claimant is a younger individual age 18-44 (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

> 9. Since December 31, 2003, considering the claimant's age, education, work experience, and residual functional capacity, the claimant was able to perform a significant number of jobs in the national economy (20 CFR 416.960(c) and 416.966).
>
> 10. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 16, 2004, the alleged onset date, through March 31, 2009, the date last insured (20 CFR 404.1520(g)).

(Tr. 20-28).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R.

§§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found disabled or not disabled at a step, further inquiry is unnecessary. If it cannot be determined if an individual is disabled or not disabled at a step, further inquiry is necessary by advancing to the next step in the sequential evaluation. 20 C.F.R. § 404.1520(a).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## ARGUMENTS AND ANALYSIS

### Treating physician's Opinion

Plaintiff argues the ALJ failed to properly evaluate the opinion evidence. Specifically, Plaintiff asserts that the ALJ failed to give controlling weight to the opinion of Dr. Kithianis who completed mental impairment questionnaires prior to Plaintiff's hearings in 2006 and 2008. Plaintiff asserts Dr. Kithianis expressed the opinion that she was unable to meet competitive standards in numerous areas of functioning, including maintaining attention for two hour segments, making simple work-related decisions, completing a normal work day and work week without psychologically based symptoms, and dealing with normal work stress. Plaintiff states that Dr. Kithianis expressed the opinion in both questionnaires that her mental condition would interfere with her ability to work to the extent it would cause her to be absent from her job for more than four days per month. Plaintiff concludes that the opinions expressed by Dr. Kithianis are well supported by the medical evidence of record and are consistent with the testimony provided at the two hearings, as well as the opinions expressed by both Dr. Upadhyaya and Dr. McTithe. Therefore, Plaintiff

argues that the ALJ's findings with regard to Dr. Kithianis' opinions are not supported by substantial evidence.

Defendant argues in response that the ALJ properly evaluated the medical opinions. Specifically, Defendant asserts that Dr. Kithianis, Plaintiff's treating psychiatrist, completed mental impairment questionnaires in January 2006 and August 2008, indicating that she had essentially disabling mental functional limitations but was accorded little weight because the opinions were unsupported by the weight of the medical evidence or record, including Dr. Kithianis' own progress notes. Further, contrary to Plaintiff's contention, the ALJ fully considered Dr. Upadhyaya's consultative examination in determining Plaintiff's RFC. Defendant asserts that Drs. Gorod and McCall, State agency medical consultants, concluded after reviewing the record in December 2003 and August 2004, respectively, that Plaintiff was no more than moderately limited in her mental capacity for work and subsequent to Dr. Upadhyaya's examination, the medical record reveals her symptoms were controlled when she was compliant with treatment. Further, Defendant points out that Dr. McCall concluded Plaintiff could perform simple tasks with lower contact with the general public. (Defendant's brief).

The opinion of a physician will be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d) (1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996) (holding that although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it.); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983) (holding a treating physician's

opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.").

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).  Specifically, pursuant to 20 C.F.R. § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the following five factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. 404.1527(d)(2) (i-ii) and (d)(3)-(5).

Furthermore, Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188.  As stated in Social Security Ruling 96-2p:

> A finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2006). Ultimately,

it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).  As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational.  Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.1974).

> The ALJ concluded the following with regard to the evidence and opinion evidence:
>
> I accord little weight to Dr. Carrie Kithianis' opinions from January 2006 and August 2008 that the claimant is not capable of performing any work. While Dr. Kithianis specifically noted in March 2005 that the claimant asked "over and over again" about disability and "if her diagnosis was 'bad' enough to get disability," Dr. Kithianis never provided any indication in her treatment notes that the claimant was disabled. Dr. Kithianis' opinions are unsupported by the weight of the medical evidence of record as her clinical findings are relatively benign and include findings of depressed mood and irritability. Dr. Kithianis appeared to rely on the claimant's subjective complaints in forming her opinion, which, for reasons stated above, are not reliable.
>
> . . .
>
> Regarding the medical opinions of the DDS medical consultants, I accord them significant weight as their opinions are generally consistent with the other evidence of record.
>
> The record documents that the claimant has a history of depression and oppositional defiant disorder. In spite of documentation of fairly significant non-compliance with treatment, the clinical findings are relatively benign. Although the record documents the claimant's ability to perform serial 3's, recall information, care for her children, perform housework, read the Bible, take GED classes, and play video games, I have given her the benefit of the doubt in limiting her to unskilled work. While the record documents that the claimant did not have any difficulty interacting with her treating and evaluation physicians and that she was able to have a relationship and get married, although it lasted only a few months, in light of her oppositional defiant disorder and reports of irritability and difficulty getting along with others, I have restricted her to work involving limited public contact and limited contact with co-workers. However, I cannot find the claimant's allegations that she is incapable of all work activity to be credible because of significant inconsistencies with the record as a whole.

(Tr. 27-28).

In his order, the ALJ discussed the fact that the medical evidence revealed Plaintiff had not been entirely compliant in taking her prescribed medication and following through with prescribed treatment. Dr. Upadhyaya noted that she had a history of noncompliance and a note from MUSC in September 2003 noted non-compliance was an issue. (Tr. 25). The ALJ discussed the dates of missed scheduled appointments and non-compliance with medication. The ALJ concluded as follows:

> In spite of the claimant's non-compliance, the treatment records contain relatively benign findings regarding the claimant's depression and oppositional defiant disorder. There is no indication that the claimant has required emergency treatment or inpatient hospitalization for these conditions during the relevant period. While the clamant reported to Dr. Updadhyaya in December 2006 that she had been hospitalized for psychiatric reasons in the past, there is no documentation of any such hospitalizations since September 2003. The record also document[s] that while the claimant has received treatment from Charleston County Mental Health since March 2005, during periods when the claimant has not taken medications secondary to pregnancies, treatment notes do not document a significant deterioration in her mental condition. Specifically, in December 2005, a treatment note reported that the claimant was cooperative on examination with normal motor function and speech, linear thoughts, and full affect. Overall, this conservative course of treatment is inconsistent with a level of severity that would preclude the claimant from sustaining any work activity.

(Tr. 25).

The ALJ found that based on the medical evidence, the medications were relatively effective in controlling Plaintiff's symptoms, and she had admitted that she felt calmer with a better mood when she was taking her prescribed medications. (Tr. 26). Dr. Kithianis noted that Plaintiff's depression was improved on her current medications, and she reported feeling better in June 2006 and July 2007. (Tr. 26). The ALJ found that the doctors' own reports fail to reveal the "type of significant and clinical and laboratory abnormalities one would expect if the claimant were disabled." (Id.).

The ALJ's decision is supported by substantial evidence. He discussed why he was according little weight to Dr. Kithianis' opinion that Plaintiff was not capable of performing any work based on his medical records, the opinions of the DDS medical consultants, and the fact of non-compliance with medication and prescribed treatment. The ALJ considered the DDS medical consultants opinions, Dr. Kithianis' opinion, and the opinion of Dr. Upadhyaya giving his reasoning for what weight he accorded each.[2] In December 2003, Dr. Upadhyaya reported that Plaintiff was alert and oriented in her evaluation, she had mild psychomotor agitation, her mood was angry because she had just read her old hospital discharge papers and believed her mother had lied about her at that time, her affect was congruent, there was no evidence of suicidal or homicidal ideation, auditory or visual hallucinations, she was able to do serial 3s without any problems, and she was able to remember three out of three objects. (Tr. 302-303). Dr. Upadhyaya's impression was oppositional defiant disorder, intermittent explosive disorder, depression not otherwise specified. He noted that she has a history of noncompliance with medications, and had a GAF of 55 to 60. (Tr. 303). Further, the DDS consultants found that Plaintiff only had mild to moderate impairments and could perform work in the economy with restrictions. There is substantial evidence to support the ALJ's decision in not according great weight to the questionnaires completed by Dr. Kithianis.

**Step 5/Hypothetical**

Plaintiff argues the ALJ erred in relying on the testimony of the VE as the hypothetical question posed by the ALJ did not include all of her limitations and restrictions, especially the ones

---

[2] Plaintiff has referred to the opinion of Dr. McTighe. However, this report was not before the ALJ but was submitted to the Appeals Council by Plaintiff. Plaintiff has not raised any argument with regard to the Appeals Council's review of the additional evidence.

outlined by Dr. Kithianis. Defendant argues in response that the ALJ's denial at step five is supported by substantial evidence.

At step five of the sequential evaluation, the Commissioner bears the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The purpose of bringing in a VE is to assist the ALJ in meeting this requirement. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted). For a VE's opinion to be relevant, "it must be based upon a consideration of all other evidence in the record . . . and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Johnson, 434 F.3d at 659 (quoting Walker, 889 F.2d at 50); see also English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993). An ALJ has discretion in framing hypothetical questions as long as they are supported by substantial evidence in the record, but the VE's testimony cannot constitute substantial evidence in support of the Commissioner's decision if the hypothesis fails to conform to the facts. See Swaim v. Califano, 599 F.2d 1309, 1312 (4th Cir. 1979). Yet the hypothetical posed to the VE need only reflect those impairments supported by the record. See Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001); Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000); Cass v. Shalala, 8 F.3d 552, 556 (7th Cir. 1993).

The ALJ found that Plaintiff did not have any past relevant work but had the RFC to perform a full range of work at all exertional levels but restricted to "unskilled work secondary to concentration deficits and would only be able to work in a setting where there is limited public contact and limited contact with co-workers." (Tr. 24). The ALJ found Plaintiff's testimony not credible and outlined his reasoning for this conclusion. The ALJ took testimony from a VE. The hypothetical posed and relied upon by the ALJ to the VE was as follows:

> Assume the claimant is 22-years-old with an eighth grade education. Assume she has no exertional limitations. Assume she would have concentration deficits which would limit her to unskilled work. Assume further she would only be able to work in a setting where there was limited public contact and limited contact with co-workers. With that hypothetical, would she be able to do her past relevant work"

(Tr. 529-530).

The VE stated that she could not perform any past relevant work but cited other unskilled jobs such as companion, janitorial, and laundry work that she could perform. The ALJ's finding regarding Plaintiff's RFC is consistent with 10 C.F.R. §§ 404.1567(b) and 416.967(b). The decision reflects that the ALJ properly reviewed all of the evidence in determining Plaintiff's RFC. Hays v. Sullivan, 907 F.2d 1453,1456 (4th Cir. 1990) [It is the responsibility of the ALJ to weigh the evidence and resolve conflicts in that evidence]; see also Clarke v. Bowen, 843 F.2d 271, 272–273 (8th Cir.1988) ["The substantial evidence standard presupposes . . . a zone of choice within which the decision makers can go either way without interference by the Courts"]. The ALJ's finding that Plaintiff could perform sedentary work with restrictions as noted is supported by substantial evidence in the case record. See English v. Shalala, 10 F.3d 1080, 1084 (4th Cir.1993) [finding that substantial evidence supported the ALJ's conclusion that the claimant was physically capable of limited light work despite his multiple impairments; case remanded on other grounds]; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1993) [ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints]. Therefore, this Court finds that the ALJ's opinion sufficiently explained how he determined Plaintiff's RFC and applied the restrictions to the hypothetical presented to the VE. See, e.g., Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir.2006) ("In light of SSR 96–8p, [the ALJ's] conclusion [that Plaintiff could perform a range of sedentary work] implicitly contained a finding that Mr. Hines physically is able to work an eight-

hour day.) Therefore, the ALJ did not err in his assessment of Plaintiff's RFC and hypothetical to the VE, and the decision should be affirmed. Consequently, the VE's response to the ALJ's properly formulated hypothetical satisfied the Commissioner's step five burden.

## **CONCLUSION**

This Court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. Richardson, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. Blalock, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. Shively v. Heckler, 739 F.2d at 989. As previously discussed, despite the Plaintiff's claims, she has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, this Court concludes that the ALJ's findings are supported by substantial evidence. Therefore, it is RECOMMENDED that the Commissioner's decision be AFFIRMED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 17, 2012
Florence, South Carolina